UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NORWALK COVE MARINA, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>M/V ISLAND PRINCESS (Official Number 571586), her engines, tackle, apparel, equipment and appurtenances, *in rem*; and RAYMOND J. LAND, III, *in personam*,<br><br>          Defendants. | Civil Action No.<br>3:13 - CV - 1607 (CSH)<br><br>JULY 23, 2014 |

### RULING ON PLAINTIFF'S MOTION FOR COSTS AND FEES

**HAIGHT, Senior District Judge:**

This *in rem* and *in personam* admiralty action was commenced on November 1, 2013 by Plaintiff Norwalk Cove Marina, Inc. against the M/V ISLAND PRINCESS and that vessel's owner, Raymond J. Land, III, to recover for wharfage charges and other maritime necessaries rendered by Plaintiff to the vessel.

On November 4, 2013 the Court, sitting in admiralty, entered orders granting Plaintiff's motions for the arrest of the ISLAND PRINCESS where she lay at Plaintiff's facility, and for the appointment of a custodian of the vessel. Doc. 9, Doc. 10. The United States Marshal for this District executed the arrest of the ISLAND PRINCESS. The Court appointed Stephen M. Babbitz custodian of the vessel by order on November 4, 2013. Doc. 10.

The *in personam* Defendant, Raymond J. Land, III, has not formally appeared in the action, or filed a claim to the ISLAND PRINCESS in its *in rem* aspect. Mr. Land engaged in off-the-record

1

discussions with counsel for Plaintiff, which ultimately resulted in Land furnishing counsel with a cashier's check in the agreed-upon amount of $15,053.00, as substitute security for the ISLAND PRINCESS, in order to procure the vessel's release from arrest.  The check was delivered to the Clerk of Court, to await further developments in the case.  The Court approved this substituted security for Plaintiff's claims and lifted the arrest of the vessel in an order dated May 7, 2014.  The ISLAND PRINCESS departed from the Plaintiff's facility on May 8.  The record does not reveal where this unhappy vessel went or in whose hands she now reposes.  It does not matter.

Plaintiff now moves [Doc. 22] for an order directing payment, out of the posted cash security, of its costs of arrest and *in custodia legis* expenses, principally the custodian fees at the entirely reasonable amount of $100 per day.  Those fees alone total $18,500 (185 days comprised of the period from November 4, 2013 to May 8, 2014), an amount that exceeds the value of the security.  Plaintiff's present motion states a total of $20,991.84 for all related costs and fees.  Doc. 22, p. 2.  The itemized details appear to be in order and recoverable.

It seems apparent that Mr. Land, the owner of the vessel at the pertinent times and perhaps her owner today (the ISLAND PRINCESS has not been sold under this Court's process), does not intend to defend the case.  No defense is readily discernible with respect to a claim for wharfage if the ship in question actually occupied a berth at a commercial facility, which is undisputed in this case.  Plaintiff's right to receive the posted security at this time is manifest.

Accordingly, Plaintiff's motion [Doc.22] is GRANTED.  The Clerk of the Court is directed to send to Plaintiff's counsel a check payable to the order of Norwalk Cove Marina, Inc., in the full amount of the security posted in the captioned case.

Plaintiff's counsel expresses an intention, once this payment is accomplished, to file a Rule

41 stipulation of dismissal without prejudice.  That would be an appropriate resolution.  Counsel should file that stipulation when in a position to do so.

Plaintiff's counsel is directed forthwith to send a copy of this Ruling by certified mail to Defendant Land at his last known address.

The foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
         July 25, 2014

                                          /s/Charles S. Haight, Jr.
                                          CHARLES S. HAIGHT, JR.
                                          Senior United States District Judge